RECEIVED

APR - 9 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

GENE RICHARDSON

VERSUS

OMEGA PROTEIN, INC.

CIVIL ACTION NO. 6:13-806

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Currently pending before the Court is a motion to strike [Doc. 108], filed by defendant Omega Protein, Inc. ("Omega"). Pursuant to its motion, defendant moves the Court to strike the declarations of plaintiff's experts, Geoff Webster and Steve Nolte, submitted in support of plaintiff's memorandum in opposition to defendant's motion in limine to exclude and/or limit the testimony of the foregoing experts. [Doc. 108, p. 1] In support of its motion, defendant argues the declarations "are untimely updated expert reports," and therefore "should be stricken." [Id.] Defendant concludes:

> As a result of [plaintiff's] failure to timely disclose the opinions and statements contained in the Declarations. . ., Omega was prevented from exploring the new statements in their deposition.[1] Omega was also prevented from addressing the new statements and opinions in its Motion in Limine. The harm from late disclosure has prejudiced Omega.

[Doc. 108-2, p. 5]

Plaintiff Gene Richardson opposes the motion. [Doc. 113] Plaintiff argues the declarations are not supplemental expert reports, as they do not express new opinions. Rather, according to

---

[1]The two expert witnesses provided a joint report and were deposed together. [Docs. 98-3, -4]

plaintiff, the declarations "directly address[] Omega's incorrect and false statements about the opinions set forth in the report and clarif[y] Omega's blatant mischaracterizations of the experts' deposition testimony." [Id. at 1] Alternatively, plaintiff argues if this Court deems the declarations to be supplemental expert reports, the supplemental reports were timely disclosed.  [Id. at 2]

      Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires, generally, that an expert witness must provide a report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(a)(2)(D) requires disclosure of expert testimony to be made "at the times and in the sequence that the court orders."  In this matter, the Court ordered plaintiff to disclose his expert reports by November 29, 2014, and plaintiff complied with that order. [Doc. 95; Doc. 113, p. 4]

      Rule 26(e) requires a party to "supplement or correct" its discovery disclosures where a party learns the disclosure is incomplete or incorrect in some material respect. Fed. R. Civ. P. 26(e)(1)(A). With regard to expert witnesses who must furnish a report, any additions or changes to the information included in their report or given during their deposition "must be disclosed by the time the party's pretrial disclosures . . . are due." Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3) provides pretrial disclosures must be made at least 30 days before trial, "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(B). Opinions not properly disclosed "as required by Rule 26(a) or (e)" should be excluded "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Where opinions in a supplemental expert report go "beyond 'proving up' the opinions contained in [the original] report" and constitute entirely new opinions not included in the original report, a district court does not abuse its discretion in excluding the supplemental material." *Sobrino-Barrera v. Anderson Shipping Co.*, 495 Fed.Appx. 430, 433 (5th Cir. 2012); *Sierra Club, Lone Star Chapter*

*v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996); *Brumley v. Pfizer, Inc.* 200 F.R.D. 596, 603 (S.D.Tex. 2001).[2]

The Court finds defendant has failed to carry its burden of proof in support of its motion to strike. First, the Court cannot evaluate whether or not the submitted declarations contain supplemental material, corrections to prior disclosures, or entirely new opinions, as defendant has provided no specific argument in that regard, nor citation to the specific portions of the original reports, depositions, or declarations.  Rather, defendant merely summarily states the declarations constitute untimely supplemental expert reports. The expert report in this matter is 46 pages, the condensed deposition is 36 pages, and the declarations are eight pages in length. The Court has no "duty to sift through the record in search of evidence" to support a party's motion, and it declines to do so here. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

With regard to timeliness, the Court ordered plaintiff to provide defendant with his pretrial disclosures by April 27, 2015.  [Doc. 46, p. 5, no. 16; Doc. 116; *see also* Fed. R. Civ. P. 6(a)(1)] Plaintiff provided defendant with its experts' declarations on February 9, 2015, well before the deadline for supplementation of expert reports. [Doc. 108-2, p. 1] Thus, to the extent the declarations constitute "supplemental expert reports" as argued by defendant, the supplementation was timely. Accordingly, defendant's motion to strike [Doc. 108] is DENIED.

---

[2]Of course, a party may not purport to "supplement" expert disclosures with opinions based upon information available and known prior to the deadline for expert disclosures, as Rule 26(e) is not meant to serve as "an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, 2008 WL 3386716, 2 (M.D.La. 2008).

Finally, the Court reminds counsel this matter will be tried to the bench, rather than a jury. The motion in limine whereby defendant seeks to exclude the testimony of the two expert witnesses whose declarations are the subject of this motion to strike has become unnecessarily unwieldy and contentious, spinning off motions to strike, opposed motions for leave to file sur-replies, etc. Now, in this motion to strike, defendant argues it was "prevented from addressing the new statements and opinions in its Motion in Limine." [Doc. 108-2, p.5] The Court will provide defendant with that opportunity, as well as the opportunity to present the Court with a more precise, concise, and less contentious motion: the Motion in Limine to Exclude and/or Limit the Testimony of Edward Webster and Steve Nolte [Doc. 98] is DENIED. Defendant may file a revised motion in limine on this subject no later than April 17, 2015. Any opposition to the motion is to be filed no later than May 1, 2015. No reply briefs will be accepted.

In light of the foregoing, defendant's motion to strike [Doc. 108] and motion in limine [Doc. 98] are DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _____9_____ day of April, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE